**SO ORDERED.**

**SIGNED this 25th day of May, 2009.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| JMC OUTFITTERS CO. | 08-314390-C |
| *DEBTOR* | CHAPTER 11 |

### ORDER GRANTING MOTION TO EXTEND TIME TO CONFIRM PLAN IN A SMALL BUSINESS CASE

CAME ON for consideration the foregoing matter. The debtor is a small business debtor within the meaning of the statute. *See* 11 U.S.C. § 101(51D); *see also* Debtor's Voluntary Petition [Doc. # 1] ("small business debtor" box checked on Official Form 1). Sections 1129(e) says that a plan in such a case must be confirmed within 45 days after it is filed, unless the time is extended under section 1121(e)(3). Section 1121(e)(3) in turn states that the time may not be extended unless the debtor proves by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable time. *See* 11 U.S.C. §§ 1129(e), 1121(e)(3)(A).

The debtor's motion raises the concern that these deadlines are inconsistent with other

provisions of the Code and Rules relating to confirmation. Specifically, the debtor notes that there are times specified for considering a disclosure statement preliminary to its dissemination to creditors prior to confirmation, and that those times, coupled with the minimum amount of time specified for notice of hearing on the confirmation of the plan, are incompatible with the deadline set out in section 1129(e). *See* FED.R.BANKR.P. 2002(b). In addition, the debtor points out that the statute imposes on the court in an impossible fact finding burden – the court is obligated to find that it is more likely than not that the court will confirm a plan within a reasonable time, before the court has seen how the creditors will vote on the plan. The debtor of course can make representations that it will achieve that goal within a reasonable time, but it is uncertain how those representations can be measured by the court.

There is some merit to the debtor's concerns. In addition, the statute puts the future of the debtor's motion at the mercy of the court's signing the order in time. *See* 11 U.S.C. § 1121(e)(3)(C). The debtor, in frustration, wonders aloud, "If not conceived in ignorance, sections 1121(e) and 1129(e) would appear to be either harebrained or calculated to scuttle the reorganization efforts of the unwary." Motion, at ¶ 5.

The court sympathizes with the debtor's frustration. Statutory schemes that serve more to obstruct than to achieve the overall aim of a statute are likely to leave both courts and the public to wonder just what message Congress really intended to send. However, as a matter of statutory construction, it is always dangerous to attempt to discover from the operation of a statutory scheme the motivation of the legislative body that enacted the scheme.[1]

---

[1] Though it is always worth reminding any legislative body that laws, at the end of the day, derive their true force from the populace's willingness to be bound by those laws. When a given law only serves to inspire cynicism, it is less likely to be obeyed and more likely to be circumvented, one way or another. This is not an observation designed to encourage disrespect for the law. It is instead an observation designed to encourage respect for the citizenry that is expected to follow the law.

In this case, the debtor's concerns can for the most part be addressed in this way. First, with respect to the alleged inconsistency with the rules of procedure, it is worth pointing out that new Rule 3017.1 sets out a procedure for "conditional approval" of a disclosure statement, one which requires no hearing (and so no notice of such hearing), substantially reducing the amount of time needed to get to confirmation in such cases. It is possible, using such a procedure, to get to the hearing on confirmation within the 45 days specified in section 1129(e).

Second, with regard to the "proof" issue, if the motion is filed on negative notice and no party objects, then the motion is granted without a hearing. The procedure for negative notice mirrors what might happen in a hearing were a party to present its case, and no other party offered any opposition to the evidence. In that event, "preponderance of the evidence" (the standard of proof demanded in section 1121(e)(3)(A)) would become essentially irrelevant, as there is no controverting evidence against which to weigh the quantum of evidence presented by the moving party. No opposing party would ever, on appeal, be able to claim error on grounds that the moving party had failed to sustain its burden of proof in the circumstance in which no other evidence in opposition was even presented.

By the same token, however, a party might be expected to present at least a *prima facie* case before the court is obligated to enter it ruling, with or without opposition. This was the point made by courts considering the question of recognition of foreign proceedings under section 1515. *See In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325 (S.D.N.Y. 2008); *In re Basis Yield Alpha Fund (Master)*, 381 B.R. 37 (Bankr. S.D.N.Y. 2008). The point to be made is simple: when the statute in question uses language such as "only if," a court may fairly conclude that the statute imposes an independent duty to examine a quantum of evidence, with or without opposition, to satisfy itself that relief is appropriate. If the court does not find the

evidence to be credible, then it is justified in denying the relief sought. *See id.*

What this means for small business debtors seeking relief under section 1121(e)(3) is that it is best either to present a quantum of evidence at hearing (perhaps proffering the testimony of the debtor's principal, or perhaps submitting the affidavit of debtor's counsel), or to attach such evidence in the form of affidavits to the motion. In this way, the court has before it some evidence to justify its decision to grant relief.

What should the evidence show? Surely not that the court is more likely than not to confirm the case *vel non*. As one bankruptcy judge candidly observed, "... I can only act on the facts and law that are before me. I am duty bound, and will, honestly apply the facts presented to the law as I can best understand it. I cannot predict that I will confirm the Debtor's reorganization plan because I cannot prejudge whether the requirements for confirmation under § 1129 will have been satisfied when we get to the confirmation hearing." *In re Florida Coastal Airlines, Inc.*, 361 B.R. 286, 288 (Bankr. S.D.Fla. 2007). A better reading of the admittedly inartfully drafted statutory language seems to be that the court should focus on the issue of "within a reasonable period of time." *See* 11 U.S.C. § 1121(e)(3)(A). In other words, the question is not so much whether the evidence shows the plan will likely be confirmed, but rather whether the evidence shows that it is *unlikely* that the debtor will ever get a plan confirmed within a reasonable time. Turned around this way, the statute stops short of imposing upon the court the task of doing the impossible, while fairly achieving what appears to have been the real concern implicit in the structure of the statutory provision – to prevent small business cases with little likelihood of ever being able to reorganize from using the bankruptcy court as a kind of "parking lot" to delay the inevitable.[2]

---

[2] Unfortunately, the legislative history to this provision, added by the 2005 amendments to the Code, is singularly unenlightening. The House Report unhelpfully repeats the language of the proposed amendment, without further explanation for why that language was employed. *See* H.R. Rep. No. 31, 109th Cong, 1st Sess 437 (2005).

Of course, counsel in this case did not have the benefit of this court's view of things when he brought his motion in this case. The court is not inclined to punish counsel for not reading the court's mind. Instead, a review of the docket in this case confirms that the U.S. Trustee has already intervened in this case, and entered into an agreed order granting the debtor additional time to obtain confirmation.[3] If the U.S. Trustee is satisfied that more time ought to be accorded the debtor to reach confirmation in this case, the court can infer that the U.S. Trustee sees little reason to believe that the debtor will *not* be able to reach confirmation. That inference is sufficient evidence for this court to conclude that the extension sought should be granted.

The motion is for the reasons stated granted.

### #

---

[3] The U.S. Trustee had filed a motion to dismiss under section 1112(b).